**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RBS CITIZENS NA<br><br>    Plaintiff,<br><br>    v.<br><br>FLOYD A. WILLIAMS, III, and LYNDA G. WILLIAMS<br><br>    Defendants. | CIVIL ACTION NO. 3:12-cv-192<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is the Mortgage Foreclosure Complaint of Plaintiff RBS Citizens NA ("RBS"), a national banking association. (Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless the Plaintiff can show that diversity jurisdiction is proper.

### I. Background

Plaintiff filed this action on February 1, 2012. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The Complaint states that "RBS Citizens NA is an entity having a principal place of business at 10561 Telegraph Road, Glen Allen, VA 23059." (Doc. 1 at ¶ 1).

### II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there

must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, "national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this language to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

In the *sub judice*, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the national banking association Plaintiff. While Plaintiff avers the locus of its principal place of business, this appears to be an incomplete declaration of corporate citizenship, which is not applicable

2

in the instant matter. Instead, the Complaint must state the location of RBS's main office as it appears in its articles of association.[1]

Therefore, because Plaintiff fails to allege necessary facts regarding its citizenship, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction. The Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity of citizenship jurisdiction exists. Failure to do so will result in this action being dismissed. An appropriate order follows.

| | |
|---|---|
| February 7, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo<br>United States District Judge |

---

[1] There is divergent authority as to whether a national banking association is also a citizen of the state in which it holds its principal place of business. *See e.g. MBIA Ins. Corp. v. Royal Indem. Co.*, 294 F. Supp. 2d 606, 611 (D. Del. 2003) (holding that "a national bank is located for purposes of Section 1348 only where it has its principal place of business and in the state designated in its organization certificate."); *cf. Mireles v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 3871 at *66-68 (C.D. Cal. Jan. 11, 2012) (holding that a national bank is "only a citizen of a single state: the state in which it was incorporated."). The Court need not resolve this disagreement here, however, as RBS's principal place of business in the State of Virginia would not destroy complete diversity in the instant matter even if it were to be counted for diversity purposes.